The final case listed for oral argument is Kailash v. Chettoff, et al. I assume Mr. Henry is here. I believe he was not yet present when we began this morning. Do we have a vote for counsel? Yes, Your Honor. May it please the Court, my name is Michael Henry. I represent the petitioner Kailash Kailash. I would respectfully request reserve three minutes for rebuttal. Granted. This case presents an issue of the jurisdiction of the district court in the habeas context. The district court concluded that it didn't have jurisdiction under Section 242 of the Immigration and Nationality Act, specifically referring to subsection A to B, because it considered our challenge to the USCIS District court said it didn't have jurisdiction under 1252G, isn't that correct? Yes, Your Honor, because this was a denial of a discretionary You didn't challenge that, or you haven't challenged that, have you? Well, what we're challenging basically is that this wasn't appropriate a habeas claim and that there was a denial of due process at the USCIS level because they failed to in conjunction with the application for adjustment of status. The I-212 adjudicated properly. That's correct. And that's pending before the AAU. Well, it is pending before the AAU. The AAU can solve that problem. The AAU can solve the legal issues that were raised by the district director. The district director raised the issue of jurisdiction. They said we don't have jurisdiction over this because there's a prior order of removal. And if that's solved, then you win in this case as well. Well, it solves the legal issue, but there is a habeas issue here as well. There's a custody issue because my client was subject to a final order of removal and although... Well, but if the I-212 was properly denied, then the order of removal is proper. I mean, the threshold issue here is the I-212. Assume for a minute that I agree with you that the I-212 was botched. Why shouldn't we just sit and wait for the AAU to fix its mistake and then this is resolved? Right. I think that falls under the category of exhaustion of administrative remedies. We believe that there is a way to exhaust the administrative remedies with regard to the specific legal issues as to why the I-212 wasn't adjudicated. But what the USCIS did when it denied or refused to adjudicate the I-212 was to take my client into custody. Well, the basic problem here is that in order to have a habeas case in the first instance, you have to be in custody illegally, provisionally. You do not question the order of removal. Correct. So, my understanding is that you have no habeas case because there's nothing that your client is being held on which is illegal. Well, he's not in immediate physical custody. He was in immediate physical custody when this was filed, but he was subsequently released under an order of supervision. Well, he's in custody, but he's not in custody illegally. Correct. You have never questioned the order of removal. That's correct. And that's the only thing that has brought him into custody. I would argue that had his due process rights not been violated at the USCIS level, that  That's a good argument, but it does not question the legality of the order of removal. Correct. What you're saying is I'm going to finesse the order of removal, but you've never questioned the illegality of the order of removal. What is the legal issue in the habeas proceeding? In the habeas proceeding, the legal issue was that the USCIS refused to adjudicate the I-212 in accordance with its own regulations and that the USCIS also erred in concluding that it did not have jurisdiction on the grounds that my client was in removal proceedings, but he wasn't in removal proceedings because those proceedings had been administratively filed. Well, he hasn't been removed yet. He's still in removal. He's in removal proceedings until he's removed. Well, I would respectfully disagree that the end of the removal proceedings would be once the agency has reached a final decision on it. Even though the removal order may not have been executed, the proceedings are over. How do we buy that? He can be removed at any time once there's an order of removal. Your only defense or remedy for an order of removal is to file a petition in the Court of Appeals on that order of removal, which you never did. Well, there is another... Under the Real ID Act, the only defense to an order of removal is a petition in the Court of Appeals. You never filed a petition. Correct, but there is another remedy that is available to him. If at some point he becomes eligible for adjustment of status, both the statute and the regulation under 8 CFR 212.2E provides that if he is eligible for adjustment, he can file this waiver of the inadmissibility created by the removal order, and that if that's granted, then he is no longer subject to the removal order. That's not under the Real ID Act. That's not under the Real ID Act. The only defense you have to being removed is a petition before the Court of Appeals. And as far as I'm concerned, I don't see how your client can't be removed right now because it's never been the subject of a petition for removal, a petition for review, and it's extant. The removal order is sitting there, and what INS does, which is purely a discretionary matter with them, we have no jurisdiction, our jurisdiction, that regard has been stripped. Well, I understand your point, and no, there was no petition for review filed to the original removal order, and we don't challenge that. It does make him subject to detention, and he is, in effect, in custody as a result of that. However, there is a way for him to free himself from the constraints of that removal order, and that is in filing the I-212 and the 485 together. The USCIS can make a discretionary decision to waive that grounds of inadmissibility and admit him as a permanent resident, and if they had done that, then he would not be subject to the custody or subject to the removal order that's still in effect today. Why didn't you file a petition for stay? We see those from time to time. It seems to me that, as Judge Cowan indicated, your client is laboring under this sort of Damocles of imminent removal. Why not explain to us by a petition for stay of deportation and then lay out the apparent botching of his I-212? There was a petition for stay filed with the district director at the time of the filing of the 485 and the I-212, which has never been adjudicated. The district court actually granted a stay while the habeas proceedings were pending. We have not filed a stay with the circuit court because there was subsequent— Is that stay still effective, the district court stay? I don't believe the district court stay is still effective. I'm not positive about that. I don't think it is. Yes, it is. If we say that the district court had no jurisdiction to entertain a habeas case because the only revenue you had was a petition for review, we would vacate the district court's stay as well as the complaint. Right. Because he was released on an order of supervision, it seems that there's a peace accord that's been reached that the USCIS or ICE actually would not execute the order until this proceeding is over. Once this is over, I believe that you'd be fair game for them as well. All right. That gets back to my question. As Judge Cownie indicated, with the jurisdictional stripping legislation, why shouldn't this case—I understand your frustration with the agency. Let me assume for purposes of my question that they made a mistake on the processing of the I-212 when they didn't afford in this 14-day period, et cetera. But once they made that mistake, isn't the appropriate relief to come to this court on a petition for stay rather than going to the district court with habeas or anything else before the district court? Congress has said these matters come to the courts of appeals. Right. And then we would stay it. You would go to the AAU.  And we would never have to hear the case. Well, we did file an appeal with the AAU, which I understand hasn't even been forwarded to the AAU until last month. Well, and if they don't do anything, then you'd seek a mandamus from us, right? Right. Well, I think that if this court granted a stay under those circumstances, then there wouldn't be—you're right. I don't think there would have been a need for habeas, but I don't think that that precludes habeas as an option. Well, but habeas requires you challenging an illegal order. And as Judge Callen pointed out, you're arguing there was a problem with the predicate that resulted in the order of removal. But once that predicate is in place, we all, I think, have to concede that the order of removal is proper. Well, the order of removal is proper. There's no question about that. We were trying to employ a method by which he would no longer be subject to that order, and we're not given due process consideration of the petition itself. There were also some legal errors that were made by the USCIS in determining whether they even had a jurisdiction to adjudicate it. And they asked you for proof of the filing fee, and for some reason that wasn't submitted. I'm not sure why that occurred. Well, it actually—we submitted the actual canceled checks to the USCIS, and we also submitted that on appeal to the— But that wasn't submitted at the interview, though, right? Or probably after the interview? My understanding of the record is that the I-485 interview, that became an issue, and they asked for proof, and it wasn't forthcoming. Well, it may not have been present at the interview itself, but we did produce a canceled check showing that USCIS did, in fact, negotiate the checks. And they ruled on the merits. They said whether or not it had been submitted or not, it was denied. Your application was denied. And that's a discretionary matter for INS, which is not reviewable by the courts. Right. Well, it's not—what is reviewable, though, is that they violated their own regulations in failing to say your application is deficient for these reasons, we want additional evidence on this, and they denied us even the chance to have an interview on it. We don't have discretion to tell them how to run that matter at all. I mean, as a matter of fact, as far as I'm concerned, your client still can be deported immediately, and even if deported, can continue with his application for a change in status. Right. And that's happened. It's uncomfortable. I know. But I've seen it happen. I agree that you don't have jurisdiction to review discretionary decisions made by the USCIS and respectfully submit that what they did here was deny due process, violate their own regulations, ignore their own regulations, and reach erroneous conclusions of the law, which are not discretionary aspects of— All right. Well, is that something that can be remedied in a habeas case when you admit that you're being held legally? I think that judicial review can be, through the Third Circuit, on a petition for review. Is that the due process issue that you're relying on as a legal or constitutional issue for purposes of the 2241? Well, that and the error of law committed by the service. Under 1252A2D, this court can review or any—there is judicial review of constitutional claims and error of law. That's on a petition for review, on a habeas petition. Well, it can arise in the context of a habeas review if there is custody, if the party is in custody under color of law and there's been a denial due process or an error on the part of the USCIS. Yeah, but, you know, you're really going in circles. You cannot question his custody being legal, and that's the only thing that habeas can adjudicate. Habeas does not adjudicate INS's application to 12s or anything else. Habeas only wants to know, is the order that you are being held under legal? And you don't question that. And the only possible—the only possible remedy I see with you, and you're not questioning your removal, is that you say INS isn't doing such a good job, and the only possible thing that I could come up with, and it was part of the letters that were sent to you and your friend across the aisle, is that perhaps you should have filed a mandamus application requiring someone to do the right thing in processing your applications. But you never did that. Right. Well, the mandamus action, I think the mandamus relief can be ordered in the context of habeas, that we would have asked the habeas court for an order direct—remanding the— They're completely different animals. You file a mandamus action, we've got to join other people. It's very, very—it's not an easy application, and it was never made. That's not before us. The only thing before us is the lethality of your detention. And we were in detention up until the time we filed the I-45 and the 212. If they had been— You're still in detention. If we were given the due process rights, the procedural due process rights of those applications to be adjudicated, there wouldn't be an issue of detention. The order of removal was never vacated. Is that correct? That's correct. If the order of removal is not vacated, they can execute it right now. That's correct. It's as simple as that. Now, the only argument you have is you don't like the way INS is processing things, but that's not remedied on a habeas case, and that's not remedied on a petition for review which challenges the order of removal. The way the USCIS adjudicated it, though, was to deny us due process, to make legal errors in the law, and to continue us to be subjected to the— Where does the REAL ID Act give us jurisdiction to adjudicate INS doing, according to you, an improper job, and I don't like the job he did either, but where under the REAL ID Act do we have jurisdiction to hear an application that questions the propriety of INS's processing your 212 and other applications? Under 1252A2D, where a detention is also a part of the issue. All right. I think we're retreading ground that's already been tread. We'll have you back on rebuttal. Thank you. Mr. Bernstein. Counselor, I would apologize for jumping in before you can even open your mouth, but I can't resist the temptation. I want you to assume for a minute that habeas is not proper here. Correct, Your Honor. I didn't think I'd get a challenge from you on that. But wasn't there a clear procedural error in the processing of Mr. Kailash's I-212? Wasn't he entitled to notice that there was a problem with his filing sheet? He was given notice that there was a problem, and he says that he remedied it, and the district director said, so far as he could see, it wasn't. I think there may have been arguable procedural difficulties in how this application was filed, Your Honor, but the district director then did proceed to a consideration on the merits. He reached an alternative decision. Yes, but the problem with that, as I read your regulations, is that if Mr. Kailash was not, if he had not provided the sufficient evidence to demonstrate the hardship his wife was to suffer, then under your own regulations, he was entitled to notice and an opportunity to come forward with evidence to make that showing, and he was not provided that opportunity. Your Honor, I believe that regulation and the case that's cited by appellant arises in the circumstance where there's something derogatory, there's something external to the application. The applicant has the burden of submitting an application for an I-212 waiver, which spells out why he is entitled to relief and what extreme hardship would arise if he were not granted that relief. It seems to me that if that's not sufficient, then he's given notice and then he gets a chance to come forward. That's not how I read that regulation, Your Honor, and the case law under it, but let us assume that that's so. I think the more elemental question arises whether this court or any other federal court has jurisdiction over that, and we would respectfully submit that it doesn't. In the process of immunizing that kind of decision from judicial review, it seems to me that at least impliedly Congress addressed the issue of whether there might be some irregularities, there may be circumstances of unfairness, what have you. That's a matter for the AAU, and that's properly before it. For reasons best known to Congress, it crossed that bridge. Again, let's assume I agree with you on that. Then Mr. Kailash is left with what? Coming to this court on a petition for stay while the AAU does its task? I have another question about mandamus, but before I get to the mandamus, could he come here and try to stop the efficacy of his removal order while the AAU matter is pending? Yes, he certainly could, Your Honor. May I take a moment just to clarify the stay situation? The district court granted a stay, and I will represent to the court that the government deems that to remain in place and to be barred from removing Mr. Kailash until these proceedings are over. But isn't that a problem, too? I respect you doing that, but it seems to me that by what appears to me to be an improper procedural mechanism, namely a habeas petition, this petitioner has done an end run around the real idea. I couldn't agree more enthusiastically, Judge Bartleman, and let me say, while it's not the matter isn't specifically before the court in this case, this goes on all the time. And that is a regular procedure by, in fact, there's a formal order in the district court for cases which are deemed to be inappropriate under the Real ID Act and are then transferred to this court. And part of that order is a stay of removal. Well, if my colleagues agree with me on that, what do we need to do to prevent this impropriety from continuing? I can't... Write a precedential opinion in this case on that issue? You could. There is a standing order in this court by Chief Judge Sirica which provides, and this was post Real ID Act, and I believe it's paragraph 5, but be that as it may, that provides that if there is a stay granted by the district court, jurisdictionally proper or not, it remains in place until the proceedings in this court of appeals are resolved. And that's the way the government has been treating it, to err on the side of caution and not remove where arguably it's not entitled to do that. So as a matter of staying, there is a stay. Now, I couldn't agree with Your Honor more enthusiastically. The district court post Real ID Act does not have jurisdiction over matters of removal, and that includes a stay. And the more appropriate vehicle would be to come to this court under Douglas v. Ashcroft and ask for that relief. Okay, yeah, but as the record before us stands, the district court had no jurisdiction under habeas to question his removal. He never questioned the legality of the order. Correct. And therefore, they had no jurisdiction to enter the stay. You say no jurisdiction at all. Although you're respecting it, because it's an order, you've got to respect it until it's vacated. Right. Okay, but insofar as us adjudicating this matter, it would be rather simple just to tell the district court you had no jurisdiction, dismiss the complaint, and vacate the stay. Now, the only question that I have in this case is that it appears that your client didn't do such a good job in processing matters which are in large measure almost totally discretionary. Correct, Your Honor. Granted, we have no jurisdiction to question your decision making, but I don't know whether I agree with you that there is not mandamus or other prerogative jurisdiction to require you to process it to a conclusion. In other words, they can't say you did it right, but you've got to go through the efforts which are required by the regulations and statute to process applications.  I'm not sure, Your Honor. I think there are two or three issues in Your Honor's question. And first, just by way of clarification, the district court did have humanist jurisdiction over the narrow issue of whether at that point in time Mr. Kailash was physically held in violation of some right that he wanted to assert. In my view, that became moot when it was let out. But I'm not addressing Your Honor's question. Well, my position is, quite frankly, if he was subject to an order of review, even if it was stayed, he's still in custody for habeas purposes. But the merits of the case are overwhelmingly that he's not being held illegally because there's an order that he doesn't question. So the court had no jurisdiction to entertain a 2241 or if they had no jurisdiction, they had no jurisdiction to enter the stay as well. I agree. Given that situation, but there is on the record what would appear to be questions as to the propriety of your processing matters pursuant to your own regulations. If we are satisfied that you have failed to process matters as required by the statute and your own regulations, what is the appropriate relief for an immigrant? Your Honor, I respectfully submit that he has no relief in the judiciary. And I think what supports opposition, there are two points I would make I should have had in my letter in response to the court's second letter. Even if you're not doing a job in INS, you just don't... And may I speak to that, Your Honor? Please do. I believe that there are two points that can be made. One is the recognizing that it's not a case in this circuit. The Gomez case in the Seventh Circuit where mandamus was one of the avenues of relief that the petitioner sought to exercise and the court said no and it reasoned you can't. Mandamus is inappropriate. That was pre-real ID. And that's important because the Real ID Act, among others, amended 242G. And this is page 11. It's laid out in page 11 of Appellant's principal brief and says, and that shall not be reviewed by any court in so many words, including, and this was the additional language, not only habeas, but the mandamus statutes, which are, I'm going to say 1361 and 1651, I think I have title 28, I think I have that right. So it seems to me that Congress has expressly said in the Real ID Act that there is to be no judicial relief for matters that are embraced within 242G. Do we have a suspension clause problem then? Well, I think not, Your Honor. You've got to have a replacement remedy. Isn't that the law? I mean, something has to replace habeas for there not to be a suspension clause. Well, Congress did, and that's 252A2D. But that only works on a petition for review. That is correct. So you've got habeas, which is the great ample remedy, and you've got petition for review, which carves out a piece of that. What about that other silo? I mean, then there's nothing to replace it. Your Honor, it seems to me that there are certain matters that Congress has expressly immunized from judicial review, notably matters of discretion, a good example for this case. I'm with you on that, but to Judge Cowan's point, as I understand, I'm no expert on mandamus, but my understanding of mandamus is it's there precisely as a gap filler when discretion is not exercised. I don't imagine that you could argue before us that your client would have the right to just take a three-year holiday and not process any applications, and the federal judiciary would be powerless to do anything about it when the rights of those persons whose applications are not even being processed are being impaired on a daily basis. That seems to be the import of your argument. I don't think that's this case. Oh, I know that. But Congress seems to have spoken very, very clearly, and I guess my concern with Your Honor's suspension clause question is this, that could not one make a suspension clause argument in any matter where the issue is discretionary with the agency and Congress has expressly provided that there should be no judicial review. And that's the interesting point, I think, about the Nadika case, which... Maybe it would work in cases where you have people who are never in custody, because if they're never in custody, habeas is not implicated. But in the immigration area, we know that implicates custody quite often, but Your Honor... If someone's in custody, I guess what I'm saying is if there's no mandamus remedy and someone is in custody, and we agree with you that habeas isn't right in this case or any other case because of the way the REAL ID Act is phrased, what's an immigrant in custody to do? If they can't bring a habeas action, they can't bring a mandamus action. I have to ask Your Honor a question. When Your Honor says in custody, do you mean in a facility of detention? No, just in custody for purposes of habeas. Subject to a removal order. Subject to a removal order. That is not a proper... That is custodial. I think the key case on this is the Supreme Court's decision in Rumsfeld v. Padilla. There's no question that an order of removal has a custodial character. But if that was sufficient to justify a habeas petition, a habeas review by the district court, it would completely eviscerate on the REAL ID Act. Could you answer the question that was posed? Assuming that he's in custody legally on a removal order, and we got a loose cannon in INS, which are not processing applications, what is someone who's in custody like that, who can't file a petition for review because he's in custody legally, what is he or she to do? I think if he or she is not in some physical custody which he or she believes to be repugnant to the Constitution, and that's not this case, they sit and they wait. I think that's what Congress has said. But if we vacate the district court habeas case here, we're going to also automatically, where they have no jurisdiction, vacate the stay of removal. He could be removed. But then the answer is he could be removed even though he's still trying to process things with INS. That's correct. And I think I noticed, comparing to the argument in the last couple of days, that I think Judge Slobod is opinion in the Medica case, which the panel called to our attention in its letter of March 20, points out that, sure, if the... And that was not an I-212, but it was close enough. It was a similar kind of... Facts are almost similar, yeah. It was a silently relative petition. And INS wasn't doing its job. That was the allegation. But the court writes in the Medica, nonetheless, it is true that if that I-730 were resolved favorably to the alien, that would be the end of removal. But then the court says expressly, nonetheless, Mr. Medica cites to no defect in the removal order per se. Well, Medica obviously stands for the proposition that there's no habeas jurisdiction in the district court. And that it had to be dismissed. But it questions, although doesn't adjudicate, whether perhaps a mandamus application would be appropriate. But it didn't say habeas should be the appropriate remedy. It didn't give any... The bottom line of that, aside from the dicta, is that the district court has to vacate, dismiss the habeas case, and vacate any order of removal. And the narrow holding in the case is that the petition for review was inappropriate in this court because there was no challenge as such to the order of removal. But virtually the last sentence of Judge Slavitt's opinion says, and we offer no view as to whether the government's jurisdictional defenses might not be meritorious at the end of the day. And I think that's the answer to the question which Judge Hardiman is pressing, what happens in the loose cannon example. That's, after the dicta, that's an open question. Well, you know, I really was sort of intrigued by your answer to Judge Hardiman's question because what you're arguing is, look, we're obviously going to vacate the habeas or tell the district court to dismiss it, which dismisses the removal order, and assuming from your adversary's point of view he's been denied some due process because INS hasn't been doing its job. He's not arguing with the decision that you made. Well, he's arguing with that too, but basically he's arguing they're not processing it. If he was arguing he didn't like the decision, we'd have to tell him to go fly a kite because we don't have the jurisdiction. But he is questioning your going through the motions to come to a decision. And you're arguing to us that this court has no power under the 14th Amendment or the 5th Amendment to tell an agency to do what it's required to do and that you could just go off and do whatever you want and we have no authority to straighten you out. Your Honor, that is my position. I would want to test that in a case where it's presented more shockingly than I believe it is here. Well, that's a fair point, but let me just caution you that the cases are legion in the administrative law area, and not just peculiar to immigration, to the effect that ignoring the agency's own regulations is not an exercise of discretion. So to the extent you want to shelter your client's discretionary acts, I don't believe you're going to find any refuge to the extent it's ignoring its own regulations. When you're talking about weighing things and deciding whether this person should stay or go, is the marriage bona fide, the whole panoply of things that your client does that are truly discretionary, certainly you're right under the Real IP Act. But when it's sitting down at a job and doing nothing or ignoring your own regulations, it seems to me that you're not going to find refuge in that argument. Your Honor, if I might make, I think, two very brief points. One is where I think the argument is heading is suggesting that you have an ultimate decision which is unreviewable. No question about that whatsoever. Adjustment of status is a matter committed to the sound discretion of now the Secretary, used to be the Attorney General, and yet the process of getting there is reviewable. I think that raises an interesting question which, again, I think might be better addressed in another kind of case. Why not in this case? Your client says you didn't process it according to your own regulations. That's exactly his complaint? And his argument is that he's been deprived of due process, and that was the other point I wanted to make in response to Judge Hardiman. There is a line of cases of which I think, and let me call the Court's attention to one, it's the South Camden citizen case in this Court, 274th and 3rd, 771. I believe that can be cited for the proposition that you have no due process interest in a decision which is discretionary. But don't you have a due process interest in having that decision made? If the interest is subject to the discretion of the agency, I believe the answer is no, Your Honor, and I'm somewhat hesitant. I may not be on the furthest of ground. That's tough to swallow, but that may be the law. I may not be on the furthest. I think my time is up. We're going to keep you at back for a while, because I could skew you a little bit. But you would acknowledge that that's a little hard to swallow, isn't it? The way the Court is presenting it, yes. But is that not necessarily an unavoidable consequence of those areas that Congress has carved out and explicitly said are not to be subject to judicial review? You're extending total jurisdiction, which is unreviewable, to a concept which says we don't even have to process it and exercise our discretion contrary to our regulations. Your Honor, I don't mean to be disrespectful, but I think the hypo is moving here a little bit. If Your Honor's last question seems to suggest that the application sits on the desk, the director pushes it to the side and says, I'm not going to do anything with this. I think a good argument can be made that the adamant refusal to perform an act which the agent is required to perform would be subject to mandamus. I don't think that's the case here. There's been allegations of irregularity, the matters presently before the AAU, and they may get resolved favorably to Mr. Kylosh. Thank you very much. Thank you, Your Honor. Mr. Henry McButtle. If my client were simply applying for immigration benefits such as adjustment of status and there wasn't any custody implication here or threat of removal and it hadn't been adjudicated according to the regulations or within the constrictions of due process, then his remedy would be to go to the AAU and if he got an unfavorable decision there to file a petition for review with this court. Where mandamus might come in, the context there with the exhaustion of the remedies, I don't know. But the component that is important here and the reason why this is appropriate for habeas is because my client can be deported at any time. And what he was doing was attempting to be admitted to the United States to eliminate the possibility that he would be deported because once he's admitted as a prominent resident, he's no longer subject to that administrative order. By denying him his constitutional right to procedural due process, he remained subject to that removal order. We're not challenging the removal order, but the fact that they denied his due process and he continues to remain deportable is the issue here. Congress is giving you the right to challenge that removal order and the way to do it is through a petition and you can prevent him from being deported. You sought a stay in the district court. You could have sought that same stay here and your able adversary cited the appropriate case. We see them all the time on emergency motions, Douglas v. Ashcroft. That could have been done here and perhaps still could be done. If we vacate the stay below, I presume you're going to come in with a Douglas motion. And this stay would remain in effect until the AAU reaches their decision or this court reaches its decision on the appeal from the AAU. It just seems to me foolhardy, perhaps even wrong under the statute, for us to not allow the administrative process through the AAU to take its course. Now, obviously, if the AAU doesn't do it, if it sits on its hands for 10 years, pursuant to Judge Cowan's line of questioning, then this court may need to step in through a mandamus. Although, again, when you look at G, it carves out the mandamus remedy as well. Right. And I think that Congress intended to distinguish between purely discretionary decisions and decisions regarding questions of law. And I think that procedure or jurisdiction, which are two issues that the USCIS raised here, are questions of law and that the court still retains jurisdiction to decide whether in reaching a discretionary decision that the USCIS still must provide notice, opportunity to present evidence. Yeah, but you're in a bind. And in a way, we're in a bind too. Since you filed a habeas case. And in that habeas case, you alleged that you wouldn't be in custody if INS would do their job. Now, that might be true. I'm not saying it would be or would not be true. But you filed a habeas case. And habeas, you must prove that you're in custody through an illegal, unconstitutional order. Well, number one, you acknowledge that the order of deportation is legal. And number two, if it wasn't legal, you had a proper remedy, which did away with habeas by filing a petition for review with the Court of Appeals, which you didn't do. In a habeas proceeding, appeal from a habeas proceeding, we can't get into whether the INS is doing their job right or wrong or anything about that. The only question on the appeal of a habeas case is whether you're in custody legally. And you are. And so you put us in a bind, since we may like your argument. And as truthful and as proper as Mr. Bernstein's argument was, we may not want to swallow it. But maybe we've got to swallow it because the only thing before us is a habeas petition. So how can we get involved with whether or not INS has denied you due process by not processing to a discretionary opinion when it's not really even before us? How do we do that? Well, I think I may have some disagreement with the Court concerning the custody status here. My mind is... I want to say something. Maybe you could convince my colleagues. My mind is made up. You're in custody legally. And if you weren't in custody legally, which I think you were, your only application was a petition for review. But go on. Maybe you'll convince them. Or applying for admission to the United States with a waiver of that grounds of admissibility which is created by the order of removal. And since we were denied that opportunity, we remain in custody and subject to removal. And it defeats the purpose of 212.2e, which I think is the mechanism by which you're allowed to remain in the United States. You're here. Adjustment of status is for people here in the United States. It allows you to remain here. And if you allow a violation of due process to subsequently result in a deportation, you're defeating the whole purpose of that regulation. Thank you very much. Thank you. Mr. Kennedy will take the case under advisement. We'll ask the clerk to...